CASE NO. 22-30373

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

HALSTEAD BEAD, Incorporated,
*Plaintiff- Appellant*

V.

KEVIN RICHARD in his official capacity as Louisiana Secretary of Revenue; AMANDA GRANIER, in her official capacity as Sales Tax Collector, Lafourche Parish, Louisiana; DONNA DRUDE, in her official capacity as Sales and Use Tax Administrator of Tangipahoa Parish, Louisiana; JAMIE BUTTS, in her official capacity as Sales Tax Auditor, Washington Parish, Louisiana; LAFOURCHE PARISH GOVERNMENT, Incorrectly referred to as Lafourche Parish; TANGIPAHOA PARISH, a Home Rule Chartered Parish; WASHINGTON PARISH, a Home Rule Chartered Parish,
*Defendant- Appellees*

A CIVIL PROCEEDING ON APPEAL FROM THE UNITED STATES DISTRICT COURT OF THE EASTERN DISTRICT OF LOUISIANA, NO. 2:21-CV-2106

AMICUS BRIEF ON BEHALF OF
THE LOUISIANA ASSOCIATION OF TAX ADMINISTRATORS

Respectfully submitted:

MARGARET H. KERN (Bar #7346)
THOMAS H. HUVAL (Bar #21725)
JONES FUSSELL, LLP
P. O. Box 1810
Covington, LA  70434
Telephone:  (985) 892-4801
Fax: (985) 892-4925
Email: mkern@jonesfussell.com
**Counsel for The Louisiana Association
of Tax Administrators**

# CERTIFICATE OF INTERESTED PERSONS

HALSTEAD BEAD, INCORPORATED v. KEVIN RICHARD, ET AL

No. 22-30373

The undersigned counsel of record certifies that the following listed persons as described in the fourth sentence of 5th Cir. Rule 28.2.1, other than those listed in the certificate of interested persons filed with the brief of Defendants/Appellees, have an interest in the outcome of this case. These representations are made in order that the judges of this Honorable Court may evaluate possible disqualification or recusal.

Amicus Curiae:　　Louisiana Association of Tax Administrators

Counsel for Amicus Curiae:　　Thomas H. Huval, Jones Fussell, LLP

Thomas H. Huval
*Counsel for The Louisiana Association of Tax Administrators*

Dated:　　January 18, 2023

i

# **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF IDENTITY OF AMICUS CURIAE. . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT PURSUANT TO FED.R.APP.P. 29(A). . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF ARGUMENT... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

CERTIFICATE OF COMPLIANCE .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## STATEMENT OF IDENTITY OF AMICUS CURIAE

The Louisiana Association of Tax Administrators (LATA) was established in 1986 to provide support and assistance to state and local tax administrators, including the tax collectors for Louisiana's 64 parishes, and those representatives of municipalities and other political subdivisions authorized to levy and collect tax. The resolution of this case could directly affect all of Louisiana's parishes and as such LATA's members have a direct interest in the outcome of this case. This amicus brief is filed under authority of Federal Rule of Appellate Procedure 29 and Fifth Circuit Rule 29.

## STATEMENT PURSUANT TO FED.R.APP.P. 29(A)

No counsel for any party authored this brief in whole or in part. No party or party's counsel contributed any money that was intended to fund preparing or submitting the brief. No person other than amicus curiae herein contributed money that was intended to fund preparing or submitting this brief.

## SUMMARY OF ARGUMENT

Plaintiff/Appellant Halstead Bead, Incorporated (Halstead) lacks standing to object to Louisiana's system of sales tax collection. Halstead's Complaint and brief omits essential facts and misrepresents others in alleging that Louisiana's tax system unconstitutionally burdens out-of-state vendors.

## **ARGUMENT**

The Louisiana Association of Tax Administrators (LATA) was established in 1986 to provide support and assistance to state and local tax administrators. LATA facilitates cooperation and exchange of information between its members, and encourages uniformity in state and local tax laws, regulations, and administration with the goal of increasing efficiency in the operations of local tax offices.

As the regular recipient of accurate information regarding the collection activities of each of these local tax offices, LATA is uniquely positioned to respond to the most egregious misstatements in the pleadings and brief filed in this matter on behalf of Plaintiff/Appellant Halstead Bead, Incorporated and therefore files this Amicus Brief in support of the Defendants/Appellees Kevin Richard, *et al.*

LATA assists its administrator members in ameliorating any issues encountered by all retail sellers (remote as well as those based in this state) in complying with of the Louisiana sale tax system. Those alleged complexities portrayed as insurmountable and cost prohibitive by Halstead are routinely successfully navigated by tens of thousands of local and out of state sellers who financially profit from sales to Louisiana residents, generating the income essential to the ability of the state, parishes, municipalities and other political subdivisions to provide education, law enforcement, transportation and other services.

The numbers of registered remote sellers in Louisiana has increased in the last two fiscal years from 1331 in July 2020 to 6,647 in July 2022, and has continued to rise to 7587 through November 2022. The amount of sales tax remitted to the state and its political subdivisions by these remote sellers on sales to Louisiana residents increased from $332,912,908 in fiscal year 2020-2021 to $444,439,537 in fiscal year 2021-2022, and is projected to exceed $550,000,000 in the current fiscal year. Over one-half of this revenue is received *by local jurisdictions* from sales to residents within the parishes, cities and towns, school boards, law enforcement districts and other political subdivisions granted authority to levy and collect the sales tax which funds the services they provide to their residents.

Unlike most retail sellers, Halstead is apparently able to voluntarily restrict its sales to those states with tax collection procedures it perceives as favorable, and forego the revenue it would derive from sales to Louisiana whose alleged "arbitrary and irrational" tax system require a perceived level of effort that Plaintiff/Appellant is unwilling to expend. That Halstead's "perception" controls its business decisions, rather than relevant actual facts, is plain from the numerous misstatements in its brief falsely describing the requirements the Louisiana collection system imposes on remote sellers, exaggerating obstacles to compliance with those statutes that do not exist, while at the same time falsely claiming that the state and its local subdivisions

derive "almost no revenue" from the taxes collected.

In dismissing Halstead's complaint, the District Court noted that Louisiana provides out-of-state vendors with useful tools to determine the applicable tax rate by a customer's address. The brief of Defendants/Appellees describes these tools and other assistance, available on the Remote Sellers Commission website but unmentioned in Halstead's brief, which actually allow out-of-state vendors to collect and remit tax with more ease than local vendors. In-state sellers with sales in multiple parishes must register and file returns with the state and in each parish, while remote sellers complete a single registration, file a single return and remit both state and local tax on sales in Louisiana solely to the Remote Sellers Commission.

The exponential increase in the number of registered remote sellers who use these readily accessible tools to successfully navigate the complexity of remitting taxes on sales into Louisiana illustrates the fallacy of Halstead's contention that compliance with existing Louisiana sales and use tax statutes is unconstitutionally burdensome on out-of-state sellers. The exponential increase in the amount of revenue derived from sales by remote sellers illustrates how vital preservation of this revenue source is to the local jurisdictions' ability to continue to provide the essential services funded by this revenue.

Rather than join those thousands of remote sellers who collect and remit tax on

sales within Louisiana with far greater ease than acknowledged in its brief, Halstead has instead filed this "vanity project" Complaint seeking to invalidate the Louisiana sales tax system as it applies to out-of-state vendors. One thing is clear from Plaintiff/Appellant's largely fact-free pleadings - Halstead has chosen to avoid the obligation to collect and remit tax on its own sales in Louisiana by voluntarily restricting its sales in this state. That is Halstead's choice, but that "choice" deprives Plaintiff/Appellant of standing to raise constitutional or other legal challenges to Louisiana's sales tax system.

## CONCLUSION

LATA urges this Court to affirm the judgment of the District Court dismissing the complaint filed by Halstead Bead, Inc.

Respectfully submitted:

s/Thomas H. Huval
Margaret H. Kern (#7346)
Thomas H. Huval (#21725)
JONES FUSSELL, LLP
P.O. Box 1810
Covington, LA  70434
(985) 892-4801
mkern@jonesfussell.com
thuval@jonesfussell.com
*Counsel for The Louisiana Association of Tax Administrators*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of January 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to attorneys of record.

s/Thomas H. Huval
THOMAS H. HUVAL

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type-volume limitation set forth in Fed. R. of App. P. 32(a)(7)(B)(i) because it contains 807 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii).

I further certify that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaces typeface using Microsoft Office Word in Times New Roman 14-point font.

s/*Thomas H. Huval*
MARGARET H. KERN (Bar #7346)
THOMAS H. HUVAL (Bar #21725)
JONES FUSSELL, LLP
P. O. Box 1810
Covington, LA  70434
Telephone:  (985) 892-4801
Fax: (985) 892-4925
Email: mkern@jonesfussell.com
Email: thuval@jonesfussell.com