June 12, 2023

**Via CM-ECF**

Lyle W. Cayce, Clerk
United States Court of Appeals
   For the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

**RE: Supplemental Authority,** *Halstead Bead, Inc. v. Richard, et al.*, **No. 22-30373**

Dear Mr. Cayce:

     Pursuant to Federal Rule of Appellate Procedure 28(j), Halstead Bead, Inc. ("Halstead") apprises the Court of recent developments in Louisiana statutory law. This case was fully briefed and oral argument was held in this Court on May 2, 2023.

     Since oral argument, the Governor of Louisiana signed into law HB 171 (Act 15), which reforms the state's sales tax system to change the thresholds that trigger compliance with Louisiana's prolix tax system. Specifically, the bill deleted the 200-transaction compliance threshold, and now only the $100,000-in-sales threshold remains. La. HB 171 § 1 (2023 Regular Session) (attached). These changes are effective August 1, 2023.

     In this Circuit, when "a statute or regulation is amended or repealed after plaintiffs bring a lawsuit challenging the legality of that statute or regulation… mootness is the default." *Freedom From Religion Found., Inc. v. Abbott*, 58 F.4th 824, 832 (5th Cir. 2023) (collecting cases). That is because the "government's ability to reimplement the statute or regulation at issue is insufficient to prove the voluntary-cessation exception" to mootness. *Id*. at 833.

     In this case, Halstead's Verified Complaint averred that it makes sure to engage in fewer than 200 transactions and less than $100,000 in sales in Louisiana in any single year. ROA.25 ¶¶46-48. Indeed, as it neared the 200-transaction threshold, Halstead stopped sales in 2021. ROA.1707 ¶7 (161 transactions). But those transactions resulted in only $49,529.70 in gross sales, less than half of the remaining trigger. *Id*. Therefore, Halstead has averred no facts that it will reasonably expect to meet the remaining $100,000-in-sales threshold.

In light of the passage of HB 171, Halstead believes its activity will no longer be subject to Louisiana's parish-by-parish tax registration and remitting system.

Respectfully submitted,

s/ Joseph Henchman

| | |
|---|---|
| Sarah Harbison | Joseph Henchman |
| James Baehr | Tyler Martinez |
| PELICAN INSTITUTE FOR PUBLIC POLICY | NATIONAL TAXPAYERS UNION FOUNDATION |
| 400 Poydras Street, Suite 900 | 122 C Street N.W., Suite 700 |
| New Orleans, LA 70130 | Washington, DC 20001 |
| Telephone: (504) 952-8016 | Telephone: (703) 683-5700 |
| sarah@pelicaninstitute.org | jbh@ntu.org |
| james@pelicaninstitute.org | tmartinez@ntu.org |

Timothy Sandefur
GOLDWATER INSTITUTE
500 E. Coronado Road
Phoenix, AZ 85004
Telephone: (602) 462-5000
litigation@goldwaterinstitute.org

Dated: June 12, 2023                    *Counsel for Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing using the court's CM/ECF system which will automatically generate and send by email a Notice of Docket Activity to registered attorneys currently participating in this case, constituting service on those attorneys.

s/ Joseph Henchman
Dated: June 12, 2023                    Joseph Henchman

**ENROLLED**

**ACT No. 15**

2023 Regular Session

HOUSE BILL NO. 171

BY REPRESENTATIVE BEAULLIEU

1  AN ACT
2  To amend and reenact R.S. 47:301(4)(m)(i) and 340.1(C)(2) and (3) and (D), relative to
3  administration and collection of state and local sales and use taxes with respect to
4  remote sales; to provide relative to duties of entities defined as marketplace
5  facilitators; to provide relative to the requirement for a marketplace facilitator to
6  collect and remit sales and use taxes; to provide for conditions pursuant to which the
7  requirement applies; to provide for certain duties of the Louisiana Sales and Use Tax
8  Commission for Remote Sellers with respect to marketplace facilitators; to provide
9  for definitions; and to provide for related matters.
10 Be it enacted by the Legislature of Louisiana:
11      Section 1. R.S. 47:301(4)(m)(i) and 340.1(C)(2) and (3) and (D) are hereby amended
12 and reenacted to read as follows:
13      §301.  Definitions
14          As used in this Chapter, the following words, terms, and phrases have the
15      meanings ascribed to them in this Section, unless the context clearly indicates a
16      different meaning:
17                              *     *     *
18          (4) "Dealer" includes every person who manufactures or produces tangible
19      personal property for sale at retail, for use, or consumption, or distribution, or for
20      storage to be used or consumed in a taxing jurisdiction.  "Dealer" is further defined
21      to mean:
22                              *     *     *
23          (m)(i) Any person who sells for delivery into Louisiana tangible personal
24      property, products transferred electronically, or services, and who does not have a

CODING: Words in struck through type are deletions from existing law; words underscored are additions.

1   physical presence in Louisiana, if during the previous or current calendar year ~~either~~
2   ~~of the following criteria was met:~~
3   ~~(aa) The~~ the person's gross revenue for sales delivered into Louisiana has
4   exceeded one hundred thousand dollars from sales of tangible personal property,
5   products transferred electronically, or services.
6   ~~(bb) The person sold for delivery into Louisiana tangible personal property,~~
7   ~~products transferred electronically, or services in two hundred or more separate~~
8   ~~transactions.~~
9                              *    *    *
10  §340.1. Marketplace facilitators; collection and remittance of state and local sales
11          and use tax
12                             *    *    *
13      C. Calculation of remote sales and criteria.
14                             *    *    *
15      (2) The requirement of Paragraph (1) of this Subsection shall apply only to
16  a marketplace facilitator that makes or facilitates a remote sale for delivery in
17  Louisiana of tangible personal property, products transferred electronically, or
18  services~~,~~ if, during the previous or current calendar year, ~~either of the following are~~
19  ~~met:~~
20      ~~(a) The~~ the marketplace facilitator's gross revenue for retail sales delivered
21  into Louisiana exceeded one hundred thousand dollars from sales of tangible
22  personal property, products transferred electronically, or services.
23      ~~(b) The marketplace facilitator sold for delivery into Louisiana tangible~~
24  ~~personal property, products transferred electronically, or services in two hundred or~~
25  ~~more separate transactions.~~
26      (3) In determining whether the ~~criteria of~~ condition established in Paragraph
27  (2) of this Subsection ~~have~~ has been met, ~~all~~ only remote sales that are retail sales,
28  as defined in R.S. 47:301, shall be considered. However, a marketplace facilitator
29  may voluntarily register for and collect state and local sales and use tax as a dealer

CODING: Words in ~~struck through~~ type are deletions from existing law; words underscored
are additions.

HB NO. 171 **ENROLLED**

1  regardless of whether the marketplace facilitator meets the ~~criteria~~ <u>condition</u>
2  established in Paragraph (2) of this Subsection.
3  　　　D.  Timing of application and collection.
4  　　　No later than thirty calendar days after meeting ~~either of the criteria of~~ <u>the</u>
5  <u>condition established in</u> Paragraph (C)(2) of this Section, a marketplace facilitator
6  shall submit an application for approval to collect state and local sales and use tax
7  on remote sales for delivery into Louisiana to the commission on a form prescribed
8  by the commission.  <u>The commission shall approve or deny the application and shall</u>
9  <u>notify the marketplace facilitator of the approval or denial no later than thirty</u>
10 <u>business days after receiving the complete application.</u>  A marketplace facilitator
11 shall commence collection of state and local sales and use tax, once notified <u>of the</u>
12 ~~commission has approved~~ <u>commission's approval of</u> the application, no later than
13 sixty days after meeting ~~either of the criteria of~~ <u>the condition established in</u>
14 Paragraph (C)(2) of this Section.
15 　　　　　*   *   *

　　　_____
　　　SPEAKER OF THE HOUSE OF REPRESENTATIVES

　　　_____
　　　PRESIDENT OF THE SENATE

　　　_____
　　　GOVERNOR OF THE STATE OF LOUISIANA

APPROVED: _____

CODING: Words in ~~struck through~~ type are deletions from existing law; words <u>underscored</u> are additions.